UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BEACH 2 BAY AERIAL BILLBOARD
ADVERTISING, LLC,

    Plaintiff,

v.                                    Case No. 8:17-cv-1049-T-27TBM

FLORIDA BEACH ADVERTISING,
LLC and DAVID DUVERNAY,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Defendant David Duvernay's Rule 12(b)(6) Motion to Dismiss (Dkt. 6) and Plaintiff's response in opposition (Dkt. 18).[1] Upon consideration, Duvernay's motion is **DENIED**.

Plaintiff brings causes of action against Defendants for violation of the Federal Defend Trade Secrets Act (Count I), violation of the Florida Uniform Trade Secrets Act (Count II), tortious interference with business relationships (Count III), and business slander (Count IV). (Complaint, Dkt. 1). Duvernay moves for dismissal of Counts I, II, and IV. (Dkt. 6).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to provide a short and plain statement of his claim sufficient to demonstrate entitlement to relief and to give fair notice of the grounds on which the claim rests. FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[1] Duvernay was proceeding *pro se* when he filed the motion to dismiss, which he purported to file on behalf of himself and Defendant Florida Beach Advertising, LLC (Dkt. 6). Florida Beach is an artificial entity and can only appear in this action through counsel. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985); *see also* M.D. Fla. Local Rule 2.03(e). Accordingly, it is necessary to address the motion to dismiss with respect only to Plaintiff's claims against Duvernay. Florida Beach Advertising has since filed a separate answer through counsel. (Dkt. 16).

544, 555 (2007). A plaintiff is not required to set out in detail the facts on which the claim is based. *Bell Atl. Corp.*, 550 U.S. at 555 & n.3. However, a plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. All of the factual allegations in a complaint must be accepted as true for the purposes of a motion to dismiss, but this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All reasonable inferences must be drawn in the plaintiff's favor. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). A court's review on a motion to dismiss is limited to the four corners of the complaint. *Id.*

The DTSA creates a private cause of action for an owner of a trade secret that has been misappropriated, so long as the trade secret relates to a product or service used in interstate commerce. *See* 18 U.S.C. § 1836(b)(1). Both the DTSA and UTSA generally define a trade secret as information that derives economic value from not being generally known to or readily ascertainable through proper means by another person, and that is subject to reasonable efforts to maintain its secrecy. *See id.* at § 1839(3); FLA. STAT. § 688.002(4). "In a trade secret action, the plaintiff bears the burden of demonstrating both that the specific information it seeks to protect is secret and that it has taken reasonable steps to protect this secrecy." *American Red Cross v. Palm Beach Blood Bank, Inc.*, 143 F.3d 1407, 1410 (11th Cir. 1998) (applying the UTSA).

Florida law applies to Plaintiff's slander claim. *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 & n.2 (11th Cir. 2003). Proof of actual damage is an essential element of a defamation claim. *Id.* at 1266 (citing *Miami Herald Publ'g Co. v. Ane*, 423 So. 2d 376, 388 (Fla. Dist. Ct. App. 1982)). But slanderous statements that impute to another characteristics incompatible with the proper exercise of business or trade, or that charge another with the commission of a crime, are actionable

*per se. See Spears v. Albertson's, Inc.*, 848 So. 2d 1176, 1178-79 (Fla. Dist. Ct. App. 2003).

Duvernay asserts that he created the information that Plaintiff is now claiming as its trade secrets, and describes his career history to support that assertion. (Motion to Dismiss, Dkt. 6 at p. 1).Those facts cannot be considered because they are outside of the four corners of the Complaint. *St. George*, 285 F.3d at 1337. He otherwise argues that Plaintiff's trade secrets claims are based on bare legal conclusions because it failed "to specify with any exactitude what pieces of information actually constitute trade secrets" and failed "to plead any facts that 'Beach 2 Bay' attempts to maintain the secrecy or confidentiality of the information it lists as its trade secrets." (Motion to Dismiss, Dkt. 6 at pp. 4-5). He further argues that Plaintiff's defamation claim is legally insufficient because it fails to allege any lost customers or damaged business arrangements that support its assertion of actual damages. (*Id.* at p. 5).

Plaintiff identifies its trade secret information and the reasonable steps it took to protect that information with sufficient particularity. For example, Plaintiff identified client records, pricing information records, accounts receivable documents, and business plans. (Complaint, Dkt. 18 at ¶¶ 23-25). The allegations that Defendants have used Plaintiff's client information and business records to undercut its prices and poach its clients show, with all reasonable inferences drawn in Plaintiff's favor, that the identified information derives economic value from not being generally known. *See Kavanaugh v. Stump*, 592 So. 2d 1231, 1232 (Fla. Dist. Ct. App. 1992). It further alleges that it protected its trade secrets with confidentiality provisions in its Operating Agreement and by advising Duvernay not to use or disclose the confidential information. (Complaint, Dkt. 1 at ¶¶ 32, 44). Plaintiff's allegations, therefore, are sufficient to plausibly show a trade secret was involved and to give Defendants notice of the material it claims constitutes trade secrets. *See DynCorp Int'l v. AAR*

3

*Airlift Grp., Inc.,* 664 F. App'x 844, 848 (11th Cir. 2016) (per curiam).

Plaintiff also alleges sufficient facts to support its slander claim. It plausibly asserts that Duvernay's statements that it stole his boat, made in the context of attempting to lure away its clients, constitute slander *per se*. *See* (Complaint, Dkt. 1 at ¶ 60); *Spears*, 848 So. 2d at 1178 ("A determination of whether these words constitute slander must be made by considering the context in which the words were spoken."). With all reasonable inferences drawn in Plaintiff's favor, those statements impute to it characteristics incompatible with the proper exercise of trade and charge it with the commission of a crime, and are therefore actionable *per se*. *See id.* at 1179.

Accordingly, Plaintiff has alleged sufficient facts to support its cause of action for misappropriation of trade secrets under the DTSA and the UTSA, and to support its cause of action for slander. Duvernay's Motion to Dismiss (Dkt. 6) is **DENIED**.

**DONE AND ORDERED** this  31st  day of  October , 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of record