UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BEACH 2 BAY AERIAL BILLBOARD
ADVERTISING, LLC,

    Plaintiff,

v.                                        Case No: 8:17-cv-1049-T-27CPT

FLORIDA BEACH ADVERTISING, LLC
and DAVID DUVERNAY,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Beach 2 Bay's Motion for Injunctive Relief (Dkt. 28), and Defendants' opposition (Dkt. 33). Beach 2 Bay Aerial Billboard Advertising, LLC moves to enjoin Florida Beach Advertising, LLC and David DuVernay from misappropriating Beach 2 Bay's trade secrets, which includes client and company records, and damaging its reputation, goodwill, and business. Argument was heard on April 19, 2018. Upon consideration, the Motion (Dkt. 28) is **DENIED**.

The party seeking the injunction carries the burden of persuasion. *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir.1975).[1] Beach 2 Bay must demonstrate: (1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered absent the injunction; (3) the threatened injury outweighs the potential damage of the proposed injunction; and (4) the injunction would not be adverse to the public interest. *Keeton v. Anderson-Wiley*, 664 F.3d 865, 868 (11th Cir. 2011).

---

[1] The Eleventh Circuit, in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

1

Beach 2 Bay has not met its burden to demonstrate a substantial likelihood of success on the merits. *Keeton*, 664 F.3d at 868; *Seatrain Int'l, S.A.*, 518 F.2d at 179. "Under Florida law, a trade secret consists of information that (1) derives economic value from not being readily ascertainable by others and (2) is the subject of reasonable efforts to maintain its secrecy." *Am. Red Cross v. Palm Beach Blood Bank, Inc.*, 143 F.3d 1407, 1410 (11th Cir. 1998). And, information that is generally known or readily accessible is not protectable as a trade secret. *Id.* "Moreover, an employer may not preclude its former employee from 'utilizing contacts and expertise gained during his former employment.'" *Id.* (quoting *Templeton v. Creative Loafing Tampa, Inc.*, 552 So. 2d 288, 289 (Fla. 2d DCA 1989)).

Beach 2 Bay claims that David DuVernay stole its trade secrets, client and company records. The relationship DuVernay had with Beach 2 Bay is disputed and unclear. Beach 2 Bay argues that DuVernay acted as an owner. However, he was not an employee or a member of the limited liability company. And DuVernay avers that he had a subcontractor relationship with Beach 2 Bay. (D. DuVernay Aff. ¶¶ 7, 11Dkt. 33-3). Indeed, DuVernay did not sign the Operating Agreement that "clearly contains confidentiality and non-competition provisions" as Beach 2 Bay contends.[2] (Dkt. 28 at 6). And, the Operating Agreement is not evidence before the Court.

Furthermore, Beach 2 Bay fails to sufficiently describe its claimed trade secrets. *See Am. Red Cross*, 143 F.3d at 1410 ("In a trade secret action, the plaintiff bears the burden of demonstrating both that the specific information it seeks to protect is secret and that it has taken reasonable steps to protect this secrecy."). And DuVernay submits two affidavits from business owners who aver that they prefer to work with DuVernay, "regardless of which business he is involved in." (T. Baker Aff.

---

[2] Nor did he sign any other form of confidentiality agreement. (D. DuVernay Aff. ¶ 8, Dkt. 33-3).

¶5, Dkt. 33-4); (L. Calzadilla Aff. ¶ 6, Dkt. 33-5); *See Am. Red Cross*, 143 F.3d at 1410.

Beach 2 Bay fails to meet its burden to demonstrate a substantial likelihood of success on the merits. *Keeton*, 664 F.3d at 868; *Am. Red Cross*, 143 F.3d at 1410. It is therefore unnecessary to determine whether Beach 2 Bay has demonstrated the remaining factors required for injunctive relief. Accordingly, Beach 2 Bay's Motion for Injunctive Relief (Dkt. 28) is **DENIED**.

**DONE AND ORDERED** this 24th day of April, 2018.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record